UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>CHRISTIAN,<br><br>　　　　Defendant(s).<br>_____/ | No. C 11-04167 DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

　　　　Plaintiff United States of America filed suit against Defendant Roy P. Christian to obtain a judgment against Defendant for the outstanding debt that he owes on two student loan promissory notes. (Compl.) Plaintiff moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant opposes the motion. For the reasons below, the court grants Plaintiff's motion.

**I. Background and Procedural History**

　　　　While a graduate student at the University of Southern California, Defendant obtained the two Health Education Assistance Loans under sections 701-720 of the Public Health Service Act, 42 U.S.C. § 292f-p, by executing (1) a promissory note dated July 20, 1987 for $20,000.00 and (2) a promissory note dated February 26, 1988 for $20,000.00. (Pl.'s Mot. Summ. J. 2 (citing Blum Decl. ¶¶ 3-4, Exs. 1-2 (promissory notes), June 14, 2012).) In the contracts, Defendant agreed to repay the loans at a variable interest rate beginning on the first day of the tenth month after he ceased being a

full time student or completed a residency program. The Student Loan Marketing Association ("SLMA") purchased the promissory notes and received an assignment. (Pl.'s Mot. Summ. J. 2 (citing Blum Decl. ¶ 5, Exs. 1-2).)

After leaving the University of Southern California, Defendant made 114 payments[1] on his loans between April 16, 1990 and August 7, 2000, totaling $47,478.78. He made no further payments. (Pl.'s Mot. Summ. J. 2 (citing Blum Decl. ¶ 6, Ex. 3 (table of Defendant's payment history)).) On June 13, 2002, Defendant filed for Chapter 13 bankruptcy. The loans were not dischargeable. (Pl.'s Mot. Summ. J. 2-3 (citing Blum Decl. ¶ 7).) Defendant's bankruptcy led SLMA to file an insurance claim in the amount of $42,303.32 with the Department of Health and Human Services ("HHS"), which the agency paid on August 14, 2002 in return for an assignment of the promissory notes. (Pl.'s Mot. Summ. J. 3 (citing Blum Decl. ¶ 8, Ex. 4).) HHS notified Defendant by letter dated August 22, 2002 that the notes' previous owner had submitted an insurance claim and had assigned the notes to Plaintiff. (Pl.'s Mot. Summ. J. 3 (citing Blum Decl. ¶ 9, Ex. 5 (notification letter)).) In the meantime, the principals of the two loans had accrued interest, compounded semi-annually, leading to the current principal to exceed the original amount borrowed. (Pl.'s Mot. Summ. J. 3 (citing Blum Decl. ¶ 10).)

Plaintiff filed this student loan debt collection action on August 24, 2011, [Docket No. 1], and now moves for summary judgment, (*see generally* Pl.'s Mot. Summ. J.). The court held a hearing on August 23, 2012. As of the date of the hearing, the total balance due on the two loans was $75,588.41. (*See* Pl.'s Mot. Summ. J. 3; Blum Decl. ¶ 11, Ex. 6.)

## II. Standard for Summary Judgment

A court shall grant summary judgment "if . . . there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

---

[1] The court notes that Blum avers in his declaration that Defendant made only 68 payments on the promissory notes, totaling $47,478.78. (Blum Decl. ¶ 6.) Blum's own exhibits show that Defendant made 114 payments totaling the same amount. (Blum Decl. Exs. 3, 6.) This discrepancy, however, has not material effect on the outcome of the case.

2

(1986) (citation omitted). A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return a verdict in that party's favor. *Id.* at 248. The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id.* at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

In the specific context of a suit to enforce a set of promissory notes, "the plaintiff is entitled to judgment if it presents evidence of the existence of the note, the defendant's default, and the amount due." *United States v. Freeman*, No. 01-1859 SI, 2002 WL 467688, at *1 (N.D. Cal. Mar. 25, 2002) (citing *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir.1975); *United States v. Glaude*, No. 99-182 VRW, 1999 WL 1080680, at *1 (N.D. Cal. Nov. 12, 1999)).

### III. Discussion

The court finds that Plaintiff has established the absence of any genuine issue of material fact and that the facts, as established, entitle Plaintiff to judgment as a matter of law. More specifically, Plaintiff has demonstrated the existence of two promissory notes taken out by Defendant; that Defendant defaulted on those notes; and that, as of August 23, 2012, Defendant owes Plaintiff $75,588.41. *See Freeman*, 2002 WL 467688, at *1.

Defendant has offered no probative evidence showing the presence of a material factual dispute; he has presented the court with only conclusory assertions. Defendant asserts that "Plaintiff failed to serve [him] a notice of motion" or the motion documents, (Def.'s Opp'n 1-2), even though a certificate of service showing that he received the papers is on the record, [Docket No. 29]. Plaintiff

also has provided copies of the envelopes in which he sent Defendant the documents. (Pl.'s Reply Ex. 3.) Defendant further insists that the promissory notes in Exhibits 1-2 of the Blum Declaration "cannot be authenticated" and that he cannot discern whether their provisions, as represented by Plaintiff, are correct. (Def.'s Opp'n 3.) However, Defendant has had since early February 2012 to inspect the original documents, [*see* Docket No. 11], and in fact did so prior to the February 29, 2012 case management conference, (Pl.'s Reply 3 (citing Fisher Decl. 1-2, Aug. 3, 2012)). Finally, Defendant states that he made more than the 68 payments asserted by Plaintiff. As noted above, it appears that Defendant is correct on this point. However, the discrepancy in the number of payments is not material to the outcome of the case. Defendant conceded at oral argument that Plaintiff has correctly stated the total dollar amount of the payments made by Defendant on the promissory notes. Accordingly, the court grants Plaintiff's motion for summary judgment, and awards judgment in the amount of $75,588.41.

IT IS SO ORDERED.

Dated: August 23, 2012

DONNA M. RYU
United States Magistrate Judge

4