**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        NORTHERN DISTRICT OF CALIFORNIA
10
11   UNITED STATES OF AMERICA,                No. C-11-04167 DMR
12              Plaintiff(s),               **ORDER GRANTING IN PART AND
                                            DENYING IN PART PLAINTIFF'S
13         v.                               MOTION FOR ORDER TO ADD
                                            DEBTOR'S ALIASES AND NON-
14   CHRISTIAN,                             DEBTOR SPOUSE'S NAME AND
                                            ALIASES TO ABSTRACT OF
15              Defendant(s).               JUDGMENT [DOCKET NO. 49]**
     _____/
16

17
        Before the court is Plaintiff's motion for an order to add the aliases of Defendant and
18
     judgment debtor Roy P. Christian and the name and aliases of Defendant's wife Sylvia Christian to
19
     the abstract of judgment. [Docket No. 49.]  For the reasons stated below, the motion is **granted in
20
     part and denied in part.**
21
                                **I.  BACKGROUND**
22
        Plaintiff has been married to Sylvia Christian since June 10, 2001.[1]  *See* Fisher Decl. [Docket
23
     No. 51] at ¶ 2; Opp. [Docket No. 61] at 3.
24
        While a graduate student in the 1980s, Defendant obtained two student loans which he failed
25
     to fully repay.  Plaintiff filed this student loan debt collection action to recover the balance on the
26

27
        [1] Plaintiff uses the following aliases: Roy P. Christian, DDS; Roy Paul Christian, DDS; and Roy
28   Christian.  Plaintiff's wife uses the following aliases: Sylvia Christian; Sylvia P. Christian; Sylvia
     Martinez; and Sylvia P. Martinez.  Cosentino Decl. [Docket No. 50] at ¶¶ 8-13.

**United States District Court**
For the Northern District of California

1  two loans.  On August 23, 2012, this court granted Plaintiff's motion for summary judgment and

2  awarded Plaintiff judgment in the amount of $75,588.41 against Defendant.  [Docket No. 37.]

3       In December 2012, during discussions regarding structuring the payment of the judgment,

4  Defendant indicated to Plaintiff that he and Sylvia both reside at real property located on Paseo

5  Tierra in Saratoga, California.  Cosentino Decl. at ¶ 2.  Title to the Saratoga property was held in

6  Sylvia's name alone.  Fisher Decl. at ¶ 3.  Defendant stated that he was making monthly mortgage

7  payments of nearly $5,000 on the Saratoga property, and Plaintiff allowed Defendant to pay only

8  $125 monthly on his obligation to Plaintiff.

9       On August 20, 2014, Defendant appeared for a judgment debtor examination, during which

10  he described his and his spouse's real property holdings.  Fisher Decl. at ¶ 1.  Defendant stated that

11  earlier in 2014, Sylvia sold the Saratoga property and invested the proceeds of the sale into the

12  purchase of another property located on Amber Oak Court in Los Gatos, California.  *Id.* at ¶¶ 3-4.

13  Because only Defendant's name is recorded on the abstract of judgment in this matter, Plaintiff

14  recovered nothing from the sale of the Saratoga property.  Cosentino Decl. at ¶ 5.  Sylvia purchased

15  the Los Gatos property "free and clear of any mortgage or abstract of judgment."  Fisher Decl. at ¶

16  4.  On April 4, 2014, Defendant recorded an interspousal transfer deed granting Sylvia sole interest

17  in  the Los Gatos property.  *See* Request for Judicial Notice [Docket No. 52] at ¶ 1, Ex. 1

18  (Interspousal Transfer Deed indicating that Defendant "is executing this instrument for the purpose

19  of relinquishing all the grantor's rights . . . included, but not limited to, any community property

20  interest in and to the land described herein and placing title in the name of the grantee as his/her

21  separate property").[2]  Both Defendant and Sylvia reside at the Los Gatos property.  Fisher Decl. at ¶

22  4.

23                              **II.  DISCUSSION**

24       Plaintiff contends that under California law, the community property of a married couple is

25  liable for a debt incurred by either spouse before or during the marriage.  Thus, Plaintiff seeks to add

26  ────────────────

27       [2]  The court grants Plaintiff's unopposed request for judicial notice of this document because it
   is a true and correct copy of the official public records of the Santa Clara County Recorder's Office.

28  The authenticity of the document is capable of accurate and ready determination by resort to sources
   whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).

United States District Court

For the Northern District of California

1    Defendant's spouse's name and aliases to the abstract of judgment in order "to accurately reflect the

2    names under which the marital estate holds real and personal property."  Motion at 5.

3           Federal Rule of Civil Procedure 69(a)(1) states: "The procedure on execution [of a money

4    judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord

5    with the procedure of the state where the court is located, but a federal statute governs to the extent

6    it applies."  Under California law, "[c]ommunity property is subject to enforcement of a money

7    judgment as provided in the Family Code."  Cal. Civ. Proc. § 695.020.  In turn, the California

8    Family Code provides that "the community estate is liable for a debt incurred by either spouse

9    *before* or during marriage, regardless of which spouse has the management and control of the

10   property and regardless of whether one or both spouses are parties to the debt or to a judgment for

11   the debt."  Cal. Fam. Code § 910 (emphasis added).  "[T]he liability of community property is not

12   limited to debts incurred for the benefit of the community, but extends to debts incurred by one

13   spouse alone exclusively for his or her own personal benefit."  *Lezine v. Sec. Pac. Fin.*, 14 Cal. 4th

14   56, 64 (1996).

15          Defendant contends that a debt acquired by one spouse prior to the marriage does not

16   "automatically become a joint debt."  Opp. at 2.  Plaintiff agrees, and notes that it does not seek to

17   characterize Defendant's obligation to Plaintiff as a "joint debt."  Rather, pursuant to the

18   aforementioned California statutes, Plaintiff seeks to add Sylvia Christian's name to the abstract of

19   judgment in order to capture any community property that may be held solely in her name.

20           It is true that simply because the Los Gatos property is in Sylvia's name does not mean it is

21   actually separate property.  *See* Cal. Family Code §§ 850-851, Cal. Civ. Code § 3439.04 (married

22   persons may transmute community property into separate property of either spouse, but such

23   transmutation is considered fraudulent if it is made to defraud any creditor of the debtor).  However,

24   Plaintiff notes that it is not attempting to prove, at this stage, that the Los Gatos property is actually

25   community property despite its designation as Sylvia's separate property.  According to Plaintiff,

26   even if the Los Gatos property is properly considered Sylvia's separate property, adding her name to

27   the abstract of judgment permits Plaintiff "a protective mechanism to ensure that no community

28   property escapes liability for debt."  Opp. at 2.

**United States District Court**
For the Northern District of California

The problem with Plaintiff's argument is that it has provided no authority for the contention that a spouse can be added, *as a judgment debtor*, to the abstract of judgment. Plaintiff's proposed abstract of judgment simply lists Sylvia as an "additional judgment debtor," without restricting her liability for the judgment to community property in her name. Plaintiff has not explained why it could not obtain the relief it seeks by filing an action for relief against any fraudulent transmutation of Defendant and Sylvia's community property into separate property pursuant to California Civil Code § 3439.07, which creates a cause of action for creditors seeking to void the fraudulent transfer. *See* Cal. Civ. Code § 3439.07 (providing cause of action to void a fraudulent transfer, and permitting the creditor to attach the asset transferred or to seek any other relief the circumstances may require). Plaintiff cites two cases that supposedly "confirm that the characterization of the subject property (separate or community) is properly made during the execution or foreclosure proceeding upon a lien properly issued, through a quiet title action," which would apparently provide Sylvia a safeguard against the use of her separate property to pay Defendant's debt. Opp. at 3-4. But neither of the two cases cited involve the addition of a spouse as a judgment debtor to an abstract of judgment in order to make community property available to the creditor. *See Lezine v. Sec. Pac. Fin.*, 14 Cal. 4th 56 (1996); *State Bd. of Equalization v. Woo*, 82 Cal. App. 4th 481 (2000), *as modified on denial of reh'g* (Aug. 7, 2000).

Because Plaintiff has failed to cite persuasive authority permitting the court to do what Plaintiff requests, Plaintiff's motion to add Sylvia Christian and her aliases as a judgment debtor is **denied.** However, Plaintiff's motion is granted with respect to adding the aliases of Defendant to the abstract of judgment. Plaintiff shall file a proposed abstract of judgment by **January 16, 2015**.

IT IS SO ORDERED.

Dated: January 8, 2015



_____
DONNA M. RYU
United States Magistrate Judge

4